UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELANIE E. DAMIAN,

    Plaintiff,

v.                           Case No: 2:20-cv-1012-SPC-NPM

WILLIAM COURTRIGHT and
COURTRIGHT CONSULTING,
INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Defendants' Unopposed Motion to Dismiss or Transfer Case. (Doc. 12). This is a case brought by Plaintiff Melanie E. Damian, the court appointed receiver in an SEC enforcement action, against Defendants for fraudulent transfers and unjust enrichment. Damian sued in this Court based on an incorrect belief that the Defendants were Florida residents. But both Defendants actually reside in Georgia. What's more, the initial cause of action was brought by the SEC in the Northern District of Illinois. A substantial part of the events leading to the cause of action took

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

place in the Northern District of Illinois. Several of those causes of action are brought under Illinois substantive law. Both parties consent to transferring the case to the Northern District of Illinois.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" to order the transfer to a more convenient forum. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). The Eleventh Circuit set out several factors for courts to consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Kelling v. Hartford Life & Accident Ins.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). The point of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up).

After considering the above factors and the unique facts of how the case started, the Court grants the parties' joint request to transfer. It would add unnecessary time, energy, expense and inefficiency by allowing the lawsuit to proceed in the District where no Defendant lives. And given a substantial portion of the events occurred in the Northern District of Illinois, and that the causes of action are brought under Illinois law, the Northern District of Illinois is best suited to hear the case. Thus, the Court transfers this case to the Northern District of Illinois.

Accordingly, it is now

**ORDERED:**

1. Defendants' Unopposed Motion to Dismiss or Transfer Case (Doc. 12) is **GRANTED in part.**

2. The Clerk is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Northern District of Illinois and **CLOSE** the Fort Myers file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record